UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

ARTURO ELISEO MARTINEZ-BARRERA,

           Petitioner,

vs.                             Case No. 2:11-cv-531-FtM-29DNF
                                Case No. 2:08-cr-5-FTM-29DNF

UNITED STATES OF AMERICA,

           Respondent.
_____

**OPINION AND ORDER**

This matter comes before the Court on Petitioner Arturo Eliseo Martinez-Barrera's Motion to Vacate, Set Aside, or Correct Sentence § 2255 (Cv. Doc. #1; Cr. Doc. #64)[1] and Supporting Memorandum with attachments (Cv. Doc. #2; Cr. Doc. #65), both filed on September 20, 2011. The United States filed a Response seeking to dismiss the § 2255 Motion as untimely. (Cv. Doc. #6.) For the reasons set forth below, Respondent's motion to dismiss will be granted and Petitioner's § 2255 motion will be dismissed as untimely.

**I.**

On January 30, 2008, the grand jury in Fort Myers, Florida returned a three-count Indictment against Arturo Eliseo Martinez-

---

[1] The Court will make references to the dockets in the instant action and in the related criminal case throughout this Opinion and Order. The Court will refer to the docket of the civil habeas case as "Cv. Doc.," and will refer to the underlying criminal case as "Cr. Doc."

Barrera ("Petitioner"). (Cr. Doc. #1.) On November 7, 2008, Petitioner pled guilty to Count I, charging conspiracy to possess with intent to distribute and to distribute 1000 and more kilograms of a mixture and substance containing a detectable amount of marijuana from March 2005, to in or about February 2007, in violation of 21 U.S.C. § 841(a)(1), § 841(b)(1)(A)(vii), and 18 U.S.C. § 2, and all in violation of 21 U.S.C. § 846. (Cr. Doc. #38; Cr. Doc. #40.) The Court sentenced Petitioner to 151 months imprisonment[2], followed by 60 months of supervised release. (Cr. Doc. #42.) Petitioner filed a direct appeal from the February 11, 2009 Judgment (Cr. Doc. #43) to the Court of Appeals for the Eleventh Circuit. (Cr. Doc. #44.) The Eleventh Circuit affirmed in part and dismissed in part on October 8, 2009. United States v. Martinez-Barrera, 348 F. App'x 533 (11th Cir. 2009). Petitioner did not file for a petition for a writ of certiorari.

Petitioner now brings this § 2255 motion, which read liberally, Hughes v. Lott, 350 F. 3d 1157, 1160 (11th Cir. 2003), alleges that his sentence must be vacated because his attorney improperly advised him with regards to his plea agreement. The United States argues in its Response that Petitioner's motion

---

[2]The sentence was to run concurrent to the sentence imposed in the United States District Court for the Eastern District of Virginia, Newport News Division.

2

should be dismissed as time-barred pursuant to 28 U.S.C. § 2255(f). (Cv. Doc. #6, p. 3.)

**II.**

A § 2255 motion is ordinarily subject to the one year limitations period in 28 U.S.C. § 2255(f). Long v. United States, 626 F.3d 1167, 1169 (11th Cir. 2010). A petitioner has one year from any of the four following events to file a § 2255 motion: (1) the date on which the judgment of conviction becomes final; (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action; (3) the date on which the right asserted was initially recognized by the United States Supreme Court; or (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence. 28 U.S.C. § 2255(f)(1)-(4). Only the first event is at issue in this case.

The statute of limitations period begins to run on the date a defendant's judgment becomes final. When the defendant does not file a petition for certiorari, the judgment becomes final when the time for filing a certiorari petition expires, i.e., ninety days from the entry of appellate court's judgment. See Griffith v. Kentucky, 479 U.S. 314, 321 n.6 (1987); United States v.

3

Swindall, 107 F.3d 831, 835 (11th Cir. 1997). The Eleventh Circuit entered its judgment dismissing the Petitioner's appeal on October 8, 2009. The 90 day period thus expired on January 8, 2010. However, January 8, 2010 fell on a Saturday; therefore, the Eleventh Circuit's judgment became final on the next business day, January 10, 2010[3]. Because Petitioner's conviction became final on that date, Petitioner had until January 10, 2011 to file his § 2255 petition. Kaufmann v. United States, 282 F. 3d 1336, 1338 (11th Cir. 2002).

Petitioner signed his § 2255 petition on September 15, 2011, and it was filed with the Court on September 20, 2011. (Cv. Doc. #1.) Pursuant to the "mailbox rule" the Court will deem the § 2255 motion to have been filed on September 15, 2011. See Day v. Hall, 528 F.3d 1315, 1318 (11th Cir. 2008). Petitioner's § 2255 motion was filed approximately eight months after the expiration of the statute of limitations. Therefore, unless the statute of limitations is equitably tolled, Petitioner's § 2255 motion should be dismissed as time-barred.

---

[3] In computing any period of time prescribed by the Federal Rules of Civil Procedure, by any local rules, by order of court, or by any applicable statute, the last day of the period so computed shall be included, unless it is a Saturday, a Sunday, or a legal holiday, in which event, the period runs until the end of the next day that is not a Saturday, Sunday, or legal holiday. See Fed. R. Civ. P. 6(a)(1)(C)(2009).

4

**III.**

Petitioner argues that he is entitled to equitable tolling because his attorney failed to inform him of the Eleventh Circuit's denial of his appeal, which constitutes extraordinary circumstances that prevented him from timely filing despite his exercised due diligence. The Court disagrees.

In Holland v. Florida, the United States Supreme Court held that a petitioner is "entitled to equitable tolling only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." Holland, 560 U.S. 631, 649, 130 S. Ct. 2549, 2562 (2010)(internal quotation marks omitted)(quoting Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005)). "The diligence required for equitable tolling purposes is reasonable diligence, not maximum feasible diligence." Holland at 653, 130 S. Ct. at 2565 (internal citation and quotation marks omitted). See also Maples v. Thomas, 556 U.S. ___, 132 S. Ct. 912 (2012). The petitioner bears the burden of establishing an entitlement to equitable tolling. Drew v. Dep't. of Corr., 297 F.3d 1278, 1286 (11th Cir. 2003). Equitable tolling is an extraordinary remedy "'limited to rare and exceptional circumstances and typically applied sparingly.'" Cadet v. Fla. Dep't of Corr., 742 F.3d 473,

477 (11th Cir. 2014)(quoting Hunter v. Ferrell, 587 F.3d 1304, 1308 (11th Cir. 2009)).

Petitioner argues that his attorney's failure to inform him of the Eleventh Circuit's denial of his appeal constitutes extraordinary circumstances. He claims that if not for this delay, he would have timely filed his motion. Assuming the facts asserted by petitioner are correct, the Court finds that this type of attorney negligence does not give rise to the type of extraordinary circumstances required to support equitable tolling. Cadet, 742 F.3d at 477-82. Petitioner also claims that completing the § 2255 motion was further delayed by "gathering the documents he needed" (Cv. Doc. #6, p. 6); however, a petitioner's lack of prison legal materials does not establish a basis for equitable tolling. See Jones v. United States, 304 F.3d 1035, 1038-40 (11th Cir. 2002); Helton v. Sec'y for the Dep't of Corr., 259 F.3d 1310, 1313-15 (11th Cir. 2001); Sandvik v. United States, 177 F.3d 1269, 1271-72 (11th Cir. 1999).

Petitioner has also not demonstrated the requisite due diligence that merits equitable tolling. Petitioner concedes that after being sentenced on February 9, 2009, he waited until October 24, 2010 to write the Clerk and request information regarding his case. (Cv. Doc. # 2, p. 2.) After learning from the Clerk's office on November 17, 2010, that his appeal had been

6

denied, Petitioner did not begin gathering documents necessary to file a § 2255 Motion until December 2010. Moreover, he did not write his attorney requesting legal documents to prepare his § 2255 motion until January 2011. (Cv. Doc. #23.)

Accordingly, it is now

**ORDERED:**

1. The Government's Motion to Dismiss Petitioner's Section 2255 Motion (Cv. Doc. #6) is **GRANTED.**

2. Petitioner's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (Cv. Doc. #1; Cr. Doc. #64) is **DISMISSED** as untimely.

3. The Clerk shall enter judgment accordingly, file a certified copy of the civil judgment in the associated criminal file, and close the civil case file.

**IT IS FURTHER ORDERED:**

**A CERTIFICATE OF APPEALABILITY (COA) AND LEAVE TO APPEAL IN FORMA PAUPERIS ARE DENIED.** A prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition. 28 U.S.C. § 2253(c)(1); Harbison v. Bell, 556 U.S. 180, 183 (2009). "A [COA] may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make such a showing, Petitioner "must demonstrate that reasonable jurists

would find the district court's assessment of the constitutional claims debatable or wrong," Tennard v. Dretke, 542 U.S. 274, 282 (2004), or that "the issues presented were adequate to deserve encouragement to proceed further," Miller-El v. Cockrell, 537 U.S. 322, 336 (2003)(citations and internal quotation marks omitted). Petitioner has not made the requisite showing in these circumstances with regard to this Opinion and Order in the civil case.

Finally, because Petitioner is not entitled to a certificate of appealability, he is not entitled to proceed *in forma pauperis* on appeal.

**DONE AND ORDERED** at Fort Myers, Florida, this __28th__ day of May, 2014.

                                                                    _____
                                                                    JOHN E. STEELE
                                                                    UNITED STATES DISTRICT JUDGE

Copies:
Petitioner
Counsel of record